| | | |
|---|---|---|
| **TERRELL GREEN, AARONIKA JOHNSON AND ROSHAWN NOBLES** | * | **NO. 2022-CA-0384** |
| | * | |
| | | **COURT OF APPEAL** |
| **VERSUS** | * | |
| | | **FOURTH CIRCUIT** |
| **CANAL INSURANCE COMPANY, DELTA TRUCKING LLC AND LEROY MOORE** | * | **STATE OF LOUISIANA** |
| | * | |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-09787, DIVISION "F-14"
Honorable Jennifer M Medley
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
(Court composed of Judge Edwin A. Lombard, Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase)

**LOBRANO, J., CONCURS IN THE RESULT**

Vanessa Motta
MOTTA LAW LLC
3632 Canal Street
New Orleans, LA 70119

     COUNSEL FOR NON-PARTY/APPELLANT

Guy D. Perrier
Trent Patrick Roddy
PERRIER & LACOSTE, L.L.C.
365 Canal Street, Suite 2550
New Orleans, LA 70130

     COUNSEL FOR DEFENDANT/APPELLEE

                            **AFFIRMED**
                            **NOVEMBER 14, 2022**

Ryan Harris/Appellant (hereinafter "Mr. Harris"), seeks review of the trial court's March 15, 2022 judgment denying his motion to quash a deposition subpoena and ordering him to appear for the deposition. After consideration of the record before this Court and the applicable law, we affirm the trial court's judgment.

## Facts and Procedural History

The underlying facts to this appeal involve a vehicle collision that occurred in October of 2017 (hereinafter "the October 2017 accident"). Following the collision, Terrell Green, Aaronika Johnson, and Roshawn Nobles (hereinafter collectively "the Green Plaintiffs") filed a petition for damages against Defendants Leroy Brown; Delta Trucking, LLC; and Canal Insurance Company (hereinafter collectively, "Canal Insurance"). Canal Insurance timely answered the suit and subsequently amended its answer. The amended answer alleges that the October 2017 accident was intentionally caused by the Green Plaintiffs.

Canal Insurance's amended answer includes over one hundred (100) pages of exhibits, which they contend, demonstrates an association between Mr. Harris, a

1

non-party, and others involved in similar, "intentionally caused" collisions. These exhibits include: police reports from other similar collisions; Mr. Harris' petition for damages, filed in March 2018, in which he alleged he was involved in an accident in 2017; petitions filed in federal court regarding collisions with similar fact patterns to the October 2017 accident; Facebook friend connections between Mr. Harris and others involved in similar collisions; charts exhibiting the similarities between other staged collisions and the October 2017 accident; and other lawsuits in which Mr. Harris is identified as communicating and/or knowing the named plaintiffs.

During discovery, Canal Insurance sought to depose Mr. Harris. Canal Insurance contends that his deposition is relevant to their defense that the Green Plaintiffs intentionally staged the October 2017 accident. They submit that Mr. Harris' deposition is relevant and necessary for the following reasons: (1) Mr. Harris was involved in a collision with a similar fact pattern to the October 2017 accident; (2) Mr. Harris has possible familial connections to others who were also involved in collisions with similar facts patterns; and (3) Mr. Harris is Facebook friends with one of the Green Plaintiffs.

Canal Insurance was not able to successfully serve Mr. Harris. After several failed attempts, Canal Insurance was eventually able to effectuate service through his attorney of record in open court.[1] On February 16, 2022, the trial court held a

---

[1] Canal Insurance encountered difficulties serving Mr. Harris. Service was first attempted upon him in March 2020. Eventually, a special process server was appointed in November 2020. Mr. Harris was served by the special process server on November 19, 2020 and ordered to appear for a deposition on November 24, 2020, but he failed to appear. Canal Insurance filed a motion to compel Mr. Harris and the trial court ordered him to appear for a rule to show cause on January 15, 2021. Mr. Harris' attorney alleged that he was never actually served with a subpoena and suggested that Canal Insurance mistakenly served a person with a similar name to Ryan Harris. Mr. Harris did not appear for his rule to show cause on January 15, 2021.

hearing on Canal Insurance's motion to enforce a prior court order compelling the deposition of Mr. Harris. Mr. Harris opposed Canal Insurance's motion to enforce and filed a motion to quash his deposition.[2]

The trial court granted Canal Insurance's motion to enforce and denied Mr. Harris' motion to quash, ordering him to appear for a deposition on March 25, 2022. The judgment was reduced to writing on March 15, 2022.

This suspensive appeal followed. Mr. Harris appeals only the portion of the judgment denying his motion to quash.[3]

## Standard of Review

Generally, a judgment involving a pre-trial discovery matter is deemed an interlocutory judgment in which an appeal is not permitted. *Channelside Servs., LLC v. Chrysochoos Grp., Inc.*, 2015-0064, p. 7 (La.App.4 Cir. 5/13/16), 194 So.3d 751, 756. However, a judgment on a motion to quash a deposition subpoena, of a non-party, is a final and appealable judgment as it "resolves all issues between the non-party deponent and the party seeking the deposition." *Id.,* (quoting *Gariepy v. Evans Industries, Inc.*, 2006-106, p.4 (La.App. 5 Cir. 9/25/07), 968 So.2d 753, 754-55) (citations omitted). Mr. Harris is a non-party seeking to quash a

---

[2] On July 6, 2021, Canal Insurance filed a motion to enforce the March 31, 2021 judgment that granted a motion to compel the deposition of Mr. Harris. Mr. Harris filed an opposition and a motion to quash his deposition, on July 10, 2021, in response to Canal Insurance's motion to enforce.

[3] Following the trial court's March 15, 2022 judgment, Mr. Harris filed a motion for suspensive appeal on March 18, 2022 which was denied by the trial court. A second motion for suspensive appeal was filed on March 25, 2022 and was deemed moot by the trial court. The trial court indicated that the appeal was moot as it appeared that Mr. Harris' deposition had taken place already. Mr. Harris then filed a notice of intent to apply for supervisory writ on April 6, 2022. An order denying Mr. Harris' request for a supervisory writ and granting Mr. Harris' second motion for suspensive appeal was signed on April 8, 2022.

deposition subpoena. Thus, the March 15, 2022 judgment is a final and appealable judgment.

A trial court is given broad discretion in discovery matters. *Hendricks v. Wells Fargo Ins.,* 2021-0552, p. 3, (La.App. 4 Cir. 3/9/22), 336 So.3d 643, 646 (hereinafter, "*Hendricks II*") (citing *Sercovich v. Sercovich,* 2011-1780, p. 5, (La.App. 4 Cir. 6/13/12), 96 So.3d 600, 603) (citations omitted). On appellate review, this Court will not disturb the ruling of a trial court in the absence of an abuse of discretion. *Hendricks II,* 2021-0552, pp. 3-4, 336 So.3d at 646 (citations omitted). "An appellate court must balance the information sought in light of factual issues involved and the hardships that would be caused by the court's order when determining whether the trial court erred in ruling on a discovery order." *Sercovich,* 2011-1780, p. 5, 96 So.3d at 603. However, "when an appellate court finds the trial court made a reversible error of law, it is required, whenever the state of the record on appeal so allows, to redetermine the facts *de novo* from the entire record and render a judgment on the merits." *Hendricks II,* 2021-0552, p. 4, 336 So.3d at 646 (quoting *Laboriel-Pitio v. Latiker*, p. 15 (La.App. 4 Cir. 6/16/21), 323 So.3d 929, 938) (citations omitted).

### Discussion

Mr. Harris appeals the trial court's judgment denying his motion to quash the deposition subpoena and ordering him to appear for a deposition. Mr. Harris argues that the trial court did not apply the correct legal standard, "relevancy and good cause," when ordering him to appear. Mr. Harris further submits that his testimony is not relevant as he did not witness and has no connection to the October 2017 accident.

4

Conversely, Canal Insurance argues that Mr. Harris' deposition is relevant and necessary as it relates to its defense claims that the Green Plaintiffs staged the October 2017 accident. Canal Insurance points out that Mr. Harris was involved in a similar vehicle collision that was also staged; is Facebook friends with one of the Green Plaintiffs; and has family members that were involved in factually similar vehicle collisions. According to Canal Insurance, Mr. Harris' testimony is relevant and necessary to prove that the Green Plaintiffs conspired to stage the October 2017 accident.

"Generally, a party may obtain discovery of any information which is relevant to the subject matter involved in the pending action. There are limitations to this rule, however, when justice requires that a party or other person be protected from annoyance, embarrassment, oppression, or undue burden or expense." *Hendricks v. Wells Fargo Ins.*, 2021-0109, pp. 3-4 (La.App. 4 Cir. 10/27/21), __So.3d__, 2021 WL 4987962, pg. *2. (hereinafter, "*Hendricks I*") writ sub nom, Hendricks v. Wells Fargo Ins., 2021-01916 (La. 3/15/22), 333 So.3d 1234. "Additionally, a showing of relevancy and good cause for production has been required in Louisiana cases where a party seeks production of records from a non-party." *Id.*, 2021-0109, p.4, 2021 WL 4987962 at *2 (citing *Stolze v. Safety & Systems Assur. Consultants, Inc.* 2002-1197, p.3, (La. 5/24/02), 819 So.2d 287, 289). Further, La. C.C.P. art. 1426 provides, in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…

5

"Prior to ordering discovery from a third party, which has invoked its right to be protected, the trial court must be convinced of the relevancy and necessity of such discovery in achieving its intended purpose." *Hendricks I,* 2021-0109, p. 4, 2021 WL 4987962at *2 (citations omitted). The Code of Civil Procedure provides that the rules of discovery apply the same to subpoenas and subpoenas duces tecums. *See Hendricks II*, 2021-0552, p. 9, 336 So.3d at 649. Thus, when reading La. C.C.P. arts. 1356 and 1426 in *pari materia* with Louisiana jurisprudence, we find that the "relevant and good cause" standard also applies to a deposition subpoena of a non-party. *Id*., 2021-0552, p. 6, 336 So.3d at 647-48.

Canal Insurance maintains that the Green Plaintiffs conspired with Mr. Harris to cause and/or stage the October 2017 accident. They also contend that Mr. Harris filed a similar suit, in March 2018, in which he is a named plaintiff and was involved in a vehicle collision with a similar fact pattern to the October 2017 accident. In support of its contention, Canal Insurance submitted several exhibits, which included Mr. Harris' petition for damages, identifying a similar fact pattern between his accident and the October 2017 accident. Canal Insurance's exhibits also show Mr. Harris' relation to other plaintiffs also involved in collisions with similar fact patterns.

A review of the February 16, 2022 hearing transcript reveals that the trial court did not make a specific finding of relevancy and good cause prior to ordering Mr. Harris to appear. This is an error of law which requires this Court to re-determine the facts *de novo* and render a judgment on the merits. *Hendricks II*, 2021-0552, p.4, 336 So.3d at 646.

After a *de novo* review of the record, we find that Mr. Harris' deposition appears reasonably calculated to lead to the discovery of relevant evidence. Mr.

Harris' March 2017 accident, in which he was a named plaintiff, combined with possible connections to other factually similar collisions is relevant to the subject matter of the October 2017 accident and constitutes good cause. Further, Canal Insurance has compellingly demonstrated not only good cause but has established that Mr. Harris deposition is highly relevant to whether this is an "intentionally caused" collision.

We are cognizant of the fact that Mr. Harris is a non-party and have weighed his right against annoyance and harassment against the principles of parties' rights to discovery during the litigation process. Our *de novo* review of the record indicates that Canal Insurance has properly demonstrated the applicable standard of relevancy and good cause. If Mr. Harris' deposition does not lead to admissible evidence at trial, plaintiffs have the ability to file the appropriate motion *in limine*. Whether or not the evidence is admissible at trial is for the trial court to determine at a later date. Based upon our *de novo* review of the record, we find as a matter of law, that Canal Insurance has shown good cause and relevancy. As such, for the reasons assigned herein, we affirm the judgment of the trial court denying Mr. Harris' motion to quash.

## **Decree**

We affirm the trial court's March 15, 2022 judgment for the reasons set forth herein.

**AFFIRMED**

7