SHUJAH U. QURASHI      *      NO. 2022-CA-0424

VERSUS      *

     COURT OF APPEAL

ELLEN ROSENOW AND      *
UNITED SERVICES      FOURTH CIRCUIT
AUTOMOBILE ASSOCIATION      *

     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-03848, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

**JENKINS, J. CONCURS IN THE RESULT**

Conrad Meyer V
Walter R. Woodruff, Jr.
CHEHARDY SHERMAN
One Galleria Boulevard, Suite 1100
Metairie, LA 70001

     COUNSEL FOR THIRD PARTY/APPELLEE

Timothy Gregory Schafer
SCHAFER & SCHAFER
328 Lafayette Street
New Orleans, LA 70130

     COUNSEL FOR DEFENDANT/APPELLANT

         **AFFIRMED**
         **December 29, 2022**

Defendants, Ellen Rosenow ("Ms. Rosenow") and United States Automobile Association ("USAA"), appeal the trial court's judgment granting, in part, and denying, in part, a Motion to Quash Defendants' Subpoena and Notice of Records Deposition and for Protective Order filed by third party-appellee, Spine Intervention, LLC d/b/a Interventional Spine Specialists ("ISS").

On May 24, 2017, Shujah Qurashi ("Mr. Qurashi"), was operating a taxicab on St. Bernard Avenue in New Orleans when a vehicle operated by Ms. Rosenow collided into the rear of Mr. Qurashi's vehicle. Ms. Rosenow's vehicle was insured by USAA. On April 19, 2018, Mr. Qurashi filed a petition, naming as defendants Ms. Rosenow and USAA, seeking damages for personal injuries and other damages allegedly sustained by Mr. Qurashi in the accident.

Following the accident, Mr. Qurashi was treated, and continues to be treated, by Dr. Fred DeFrancesch at ISS. Dr. DeFrancesch is a physiatrist who specializes in pain management. Dr. DeFrancesch has performed radiofrequency ablations (RFAs) at multiple levels of the cervical and lumbar spine on Mr. Qurashi. Dr. DeFrancesch conferred with Mr. Qurashi's economist, Elizabeth B. Martina of Elizabeth B. Martina & Associates, to prepare a medical care cost analysis ("Life

1

Care Plan") for Mr. Qurashi. Included among Dr. DeFrancesch's treatment recommendations for Mr. Qurashi are right L3, L4 and L5 RFAs one to two times a year for the rest of his life; right C2, C3, C5 and C6 RFAs one to two times a year for the rest of his life; and appointments with Dr. DeFrancesch before and after each procedure and prescription medications. Based on Dr. DeFrancesch's recommendations, Ms. Martina estimates that Mr. Qurashi will incur well over $100,000.00 in future medical expenses for the costs associated with the RFAs alone for the next ten years.

Defendants served a Notice of Deposition for Production of Records Only to ISS, a non-party, with an attached request for Writ of Subpoena Duces Tecum seeking the following:

1) Any and all records and/or charts of all patients (with all PHI [Protected Health Information] redacted) in the past ten (10) years whom you have recommended and/or advised need cervical and lumbar radiofrequency ablations one to two times a year for life, and

2) Any and all bills and/or statements for services rendered (with all PHI redacted) of those charts and/or records produced in connection with #1 above

ISS subsequently filed a Motion to Quash Subpoena and Notice of Records Deposition and for Protective Order. In this motion, ISS argues that the subpoena seeks production of privileged records of non-party patients in violation of La. C.C.P. art. 1469.1[1] and La. R.S. 13:3715.1.[2] Alternatively, ISS argues that the

---

[1] No order, subpoena, or subpoena duces tecum for the purpose of obtaining or compelling the production or inspection of medical, hospital, or other records relating to a person's medical treatment, history, or condition, including a subpoena or order issued under Article 1463 and

defendants' requests are unreasonable, unduly burdensome, overbroad and seek testimony or information that is irrelevant to the present litigation. ISS further argues that the requirements of La. R.S. 13:3715.1 have not been met for these allegedly privileged and confidential records of anonymous patients who are not parties to this litigation, and the redaction of PHI from the requested records does not cure those defects. According to ISS, in order to comply with the subpoena, it would have to review voluminous records to identify any potentially responsive documents, then extensively redact such documents to avoid any violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA").

In its opposition to ISS's motion to quash, defendants argue that they seek narrowly tailored discovery from ISS concerning charts and records of patients with all PHI redacted. They contend this information is relevant because it strikes at the credibility of Mr. Qurashi's experts' opinions. Specifically, they argue that the frequency with which Dr. DeFrancesch is recommending repeated future RFAs to his patients and the number of times his patients have actually undergone

---

including a subpoena compelling the attendance of the custodian of records or other employee of the health care provider, either by name, title, or position, in connection with such production, shall be granted or issued except as provided in R.S. 13:3715.1.

[2] La. R.S. 13:3715.1 states, in pertinent part:

B. The exclusive method by which medical, hospital, or other records relating to a person's medical treatment, history, or condition may be obtained or disclosed by a health care provider, shall be pursuant to and in accordance with the provisions of R.S. 40:1165.1 or Code of Evidence Article 510, or a lawful subpoena or court order obtained in the following manner:

* * *

(2) Any attorney requesting medical records of a patient, who is not a party to the litigation in which the records are being sought may obtain the records by written authorization of the patient whose records are being sought or if no such authorization is given, by court order, as provided in Paragraph (5) of this Subsection.

* * *

(5) A court shall issue an order for the production and disclosure of a patient's records, regardless of whether the patient is a party to the litigation, only: after a contradictory hearing with the patient, or, if represented, with his counsel of record, or, if deceased, with those persons identified in Paragraph (3) of this Subsection, and after a finding by the court that the release of the requested information is proper; or with consent of the patient.

3

multiple such procedures are issues relevant to the credibility of Mr. Qurashi's experts' recommendations. Defendants argue the physician-patient privilege does not prohibit this discovery because defendants have not requested identifiable, and thus privileged, non-party patient records.

Defendants claim they have reason to believe that few of Dr. DeFrancesch's patients actually undergo repeated RFA procedures as recommended by Dr. DeFrancesch. They also argue that absent ISS's compliance with the subpoena, they will be left without information needed to prepare for meaningful cross-examination of Mr. Qurashi's experts. Because they contend they have not requested identifiable, privileged records of non-party patients of ISS, there is no need for a contradictory hearing with the non-party or consent under La. R.S. 13:3715.1(B). Defendants assert the subpoena is appropriate, relevant and any burden imposed upon ISS is not disproportionate to the needs of this case.[3]

At the conclusion of the second hearing on the motion to quash[4], the trial court rendered judgment granting, in part, and denying, in part, ISS's motion to quash, ordering the subpoena and notice of records deposition quashed and further ordering that ISS is not required to produce responsive records or data, except that ISS must produce any electronically stored data relating to diagnoses or treatment

---

[3] Subsequent to the filing of defendants' opposition to the motion to quash, ISS filed a motion for leave to file a supplemental exhibit, the affidavit of Marianna Artigues, Director of Practice Development for ISS since 2015. By this affidavit, ISS sought to provide updated information bearing on the undue burden that identification and production of the requested documents would have on ISS. At one of the two hearings on the motion to quash, defense counsel objected to this affidavit as inadmissible hearsay. The trial court stated that he did not read the affidavit but also did not specifically rule on the objection. This Court has not considered the affidavit in its ruling in this appeal.

[4] After both sides presented arguments at the first hearing on the motion to quash, the trial court suggested that a possible resolution would be to ask Dr. DeFrancesch how many RFAs he has recommended and how many have actually been performed. The hearing was recessed to allow counsel for the parties to attempt to arrive at an agreement. A second hearing was held after an agreement could not be reached on production of data from the requested records.

that are responsive to the data. In oral reasons for judgment, the trial court found that the records requested in the subpoena are not material to this case. The trial court also stated that if there is an electronic means of a data-specific diagnostic determination, that information is to be provided by ISS to defendants.[5]

Defendants initially filed a notice of intent to file an application for supervisory writs. This Court granted the writ application and remanded the matter to the trial court with instructions to consider defendants' notice of intent as a motion for appeal should defendants choose to pursue an appeal. This Court has held that '[t]he determination of discovery questions as to a non-party in the case is a final appealable judgment.' *McCloskey v. Higman Barge Lines, Inc.*, 18-1008, p. 4 (La.App. 4 Cir. 4/10/19), 269 So.3d 1173, 1178. This devolutive appeal by defendants followed.

### Assignments of Error

On appeal, defendants present three assignments of error. They first argue that the trial court abused its discretion in denying defendants a right to discovery of relevant and non-privileged records of other patients with all PHI redacted for whom Dr. DeFrancesch has made similar recommendations for future RFAs and/or performed procedures in connection with those recommendations. They further argue that the subject records contained information probative to the validity of Mr. Qurashi's experts' conclusions and the records are not subject to any statutory privilege. Additionally, defendants argue that ISS has not provided any admissible evidence showing that compliance with the subpoena would be unduly burdensome or disproportionate to the needs of the case, given the significant

---

[5] Counsel for ISS stated at the hearing that ISS does not maintain electronic patient records.

5

amount of alleged future medical expenses that are directly attributable to Dr. DeFrancesch's recommendations.

Defendants' main argument is that the records will show that Dr. DeFrancesch is regularly recommending that his personal injury patients undergo similar repeat ablations as recommended to Mr. Qurashi, but that few of Dr. DeFrancesch's patients actually undergo multiple such procedures. Thus, the defendants argue that the records are relevant to the credibility of the Mr. Qurashi's treating physician, Dr. DeFrancesch, and the medical care cost analysis that relied on the recommendations of Dr. DeFrancesch.

Conversely, ISS argues that the data sought is neither material nor relevant to Dr. DeFrancesch's individualized assessment and treatment of Mr. Qurashi. ISS further argues that the trial court did not abuse his discretion in declining to enforce the subpoena, as any materiality is substantially outweighed by the significant undue burden on the non-party, ISS. Additionally, ISS argues that defendants' subpoena and Notice of Records deposition seek privileged and confidential non-party patient records and their production would violate those patients' privacy rights.

**Standard of Review**

"In ruling upon discovery matters, the trial court is vested with broad discretion and, upon review, an appellate court should not disturb such rulings absent a clear abuse of discretion." *Channelside Services, LLC v. Chrysochoos Group., Inc.*, 15-0064, p. 8 (La. App. 4 Cir. 5/13/16), 194 So. 3d 751, 756, (citing *Sercovich v. Sercovich*, 11-1780, p. 5 (La. App. 4 Cir. 6/13/12), 96 So.3d 600, 603.

6

## Discussion

"It is well-established in Louisiana jurisprudence that discovery statutes are to be liberally and broadly construed to achieve certain basic objectives of the discovery process: (1) to afford all parties a fair opportunity to obtain facts pertinent to pending litigation; (2) to discover the true facts and compel disclosure of these facts wherever they may be found; (3) to assist litigants in preparing for trial; (4) to narrow and clarify the issues between the parties; and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims. See *Quality Environmental Processes, Inc. v. I.P. Petroleum Co., Inc.*, 13-1582, 13-1588, 13-1703, p. 22 (La. 5/7/14), 144 So.3d 1011, 1026 (quoting *Hodges v. Southern Farm Bureau Cas. Ins. Co.*, 433 So.2d 125, 129 (La.1983))." *Channelside Services, LLC v. Chrysochoos Group, Inc.*, 15-0064, p. 10, 194 So.3d at 757.

La. C.C.P. art. 1422 states, in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

There are limitations on discovery, however, when justice requires that a party or other person be protected from annoyance, embarrassment, oppression, or undue burden or expense. *Stolzle v. Safety & Systems Assurance Consultants, Inc.*, 02-1197, p. 2 (La. 5/24/02), 819 So.2d 287, 289, (citing La. C.C.P. art. 1426; *Laburre v. East Jefferson Gen. Hosp.*, 555 So.2d 1381 (La.1990)). Additionally, a

showing of relevancy and good cause for production has been required in Louisiana cases where a party seeks production of records from a non-party. *Stolzle*, 02-1197, p. 3, 819 So.2d at 289, (citing *Ouachita National Bank v. Palowsky*, 554 So.2d 108 (La. App. 2nd Cir. 1989).

La. Code of Evidence article 401 defines "Relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "Evidence is material if the proposition it tends to prove or disprove is a matter in issue." *Matte v. Louisiana Farm Bureau Cas. Ins. Co.*, 95-1308, p. 4 (La.App. 3 Cir. 6/12/96), 676 So.2d 713, 715 (quoting *State v. Rogers*, 553 So.2d 453, 455 (La.1989)).

We will first consider whether the defendants have made the required showing of relevance for production of records from a non-party, and, more specifically, whether the records requested in the subpoena are "relevant to the subject matter involved in the *pending action*" as required by La. C.C.P. art. 1422. (Emphasis added.) Defendants have acknowledged that Mr. Qurashi in this case has already undergone RFAs at multiple levels of the cervical and lumbar spine since he began treatment with Dr. DeFrancesch after the accident at issue. Even assuming arguendo that few of Dr. DeFrancesch's other patients have chosen to follow through with similar treatment recommendations, defendants have not shown how the decisions of other patients unknown to Mr. Qurashi are relevant to the issue of whether Mr. Qurashi will follow the treatments Dr. DeFrancesch recommended. Furthermore, defendants have not shown that the records requested in the subpoena are relevant to the credibility of Dr. DeFrancesch's treatment recommendations for Mr. Qurashi or to the credibility of Mr. Qurashi's

8

economist's opinion as to the estimate of his future medical expenses, which opinion was based upon Dr. DeFrancesch's treatments recommendations.

In granting the motion to quash, the trial court considered the relevancy of the information sought together with the burdensome nature of the request, given ISS's assertion that patient records were not stored electronically. The trial court properly balanced the relevancy of the information directed to Dr. DeFrancesch's credibility together with the burden of producing the records. Considering the trial court's broad discretion in discovery matters, *See Stolzle v. Safety & Systems Assur. Consultants, Inc.*, 2002-1197, p. 4 (La. 5/24/02), 819 So.2d 287, 289, we find no abuse of discretion.[6]

The trial court judgment is affirmed.

**AFFIRMED**

---

[6] Because of this conclusion, we need not address defendants' arguments regarding whether the requested records are privileged.