968 So.2d 753 (2007)
Paul T. GARIEPY, Jr.
v.
EVANS INDUSTRIES, INC.
No. 06-CA-106.
Court of Appeal of Louisiana, Fifth Circuit.
September 25, 2007.
Kyle Schonekas, Joelle F. Evans, Maria G. Marks, Schoenkas, Winsberg, Evans & *754 McGoey, L.L.C., New Orleans, Louisiana, for Plaintiff/Appellee.
Daniel A. Ranson, Glenn D. Price, Jr., Gaudry, Ranson, Higgins & Gremillion, L.L.C., Gretna, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and GREG G. GUIDRY.
EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal from a denial of a motion to quash a deposition subpoena directed to a non-party, and related relief. For the following reasons we affirm the judgment.
The facts are these. Paul Gariepy, plaintiff-appellee, was hired by Evans Industries, Inc. as its chief executive officer in July of 2003. By the end of that year certain shareholders became dissatisfied with his performance. Because of the corporate structure only the board of directors could terminate Gariepy, and they were not inclined to do so. The shareholders thereupon elected a new board in December of 2003, and that board removed Gariepy from his position.
Gariepy filed suit against Evans claiming it had breached his contract and seeking various damages. He then amended his suit by adding as a defendant Janice Evans Hamilton, a stockholder and member of the new board of directors, alleging that this party had tortiously interfered with his alleged contract of employment with Evans. He further alleged that she had obtained an invalid proxy to vote the shares of her mother, Janice Roberts Evans, at the December stockholders meeting. It was also established that Mrs. Evans had earlier in the year given her daughter a general power of attorney which specifically authorized Hamilton to vote her mother's stock.
Gariepy's attorney procured a deposition subpoena for Janice Evans, a non-party, presumably to inquire about her state of mind in authorizing both the power of attorney and the proxy. Mrs. Evans filed a motion to quash the subpoena on the basis of poor health, and attached a letter from her treating physician, R, Fridge Cameron, Jr., stating that in his opinion she was incapable of enduring the stress of a deposition. Plaintiff's counsel thereupon subpoenaed Dr. Cameron, as well as Mrs. Evans' medical records in his possession for the year preceding the proxy vote. Mrs. Evans moved to quash these subpoenas, but after a contradictory hearing this motion was denied by the trial judge. This appeal (taken in October, 2005) followed.
While this appeal was pending, Evans Industries sought bankruptcy protection, and these proceedings were stayed. In April of 2007, the bankruptcy court lifted the stay as to the matters between Gariepy and Janice Evans Hamilton and Janice Roberts Evans. The appeal was consequently returned to the docket of this court.
The first issue here is whether this is an appealable judgment. Article 1841 of the Louisiana Code of Civil Procedure provides that "[a] judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment." Article 2083(C) of that same code states that "[a]n interlocutory judgment is appealable only when expressly provided by law." Generally, a judgment involving preliminary discovery matters would be deemed interlocutory and thus not appealable.
However, here the person contesting the subpoena is not a party to the litigation. The jurisprudence in this circumstance is *755 to the effect that a judgment on a motion to quash a deposition subpoena is in fact appealable because it resolves all of the issues between the non-party deponent and the party seeking the deposition. Larriviere v. Howard, 2000-186 (La.App. 3rd Cir.10/11/00), 771 So.2d 747. We therefore conclude that the judgment here is a final appealable one.
The next issue is whether the judgment denying the motion to quash the subpoenas was proper. The question of when medical records of a non-party may be released was addressed in Moss v. State, XXXX-XXXX (La.4/4/06), 925 So.2d 1185. The court there noted that La. R.S. 13:3715.1 and La.Code of Evidence, Art. 510, both relating to the health care provider-patient privilege, are to be construed together in determining when patient records may be released. It further noted that although Art. 510(B)(2) provides a list of exceptions to the privilege, that list is not exclusive because La. R.S. 13:3715.1(B)(5) contemplates that there may be situations beyond those listed in which release of the information is necessary to promote the interests of justice.
The Moss court went on to point out that the privacy expectations of patients are not to be lightly set aside, and that the party seeking release of the information must make a substantial showing of both relevance and need. It further pointed out that any exceptions to the privilege should be narrowly tailored and extend only to information relevant and necessary to the case at hand. The court further admonished that:
In fashioning a remedy, there are numerous tools available to the courts, including in camera inspections, excising highly personal and/or irrelevant matters, or allowing depositions limited to specific relevant questions. What is to be avoided is unbridled evaluation of one's complete medical records. (at 1201)
In the present case, the issue to be explored is the competence of Mrs. Evans in granting the power of attorney and the proxy. While we determine that the subpoenas were properly sustained because plaintiff has no other method by which to inquire into Mrs. Evans' state of mind, we nonetheless note that the record does not disclose whether the trial judge has limited the release of records to insure that only necessary and potentially relevant information is produced. Thus, we affirm the judgment appealed, and remand the matter to the district court with the instructions that he control the release of the information sought in accordance with the considerations set forth in Moss v. State, supra.
JUDGMENT AFFIRMED, REMANDED WITH INSTRUCTIONS.