# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-246

S.E. PROPERTY HOLDINGS, LLC

VERSUS

DONALD KEITH CHUNN, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20126508
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Henry Camille Perret, Jr.**
**Jude C. David**
**Perret Doise L.L.C.**
**P. O. Box 53789**
**Lafayette, LA 70505**
**(337) 593-4900**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **XLCB, LLC**
  **1129 Eleonore, LLC**

**Michael D. Hebert**
**James P. Doherty, III**
**Stuart R. Breaux**
**Becker & Hebert, LLC**
**201 Rue Beauregard**
**Lafayette, LA 70508**
**(337) 233-1987**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **S.E. Property Holdings, LLC**

**David Joseph Lukinovich**
**Attorney at Law**
**4415 Shores Drive, Suite 200**
**Metairie, LA 70006**
**(504) 818-0401**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **1129 Eleonore, LLC**
  **XLCB, LLC**

**Albert Joseph Derbes  IV**
**Derbes Law Firm**
**3027 Ridge Lake Drive**
**Metairie, LA 70002**
**(504) 837-1230**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Donald Keith Chunn**

**Dorothy L. Tarver**
**Taggart Morton, LLC**
**1100 Poydras Street, Suite 2100**
**New Orleans, LA 70163-2100**
**(504) 599-8531**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **S.E. Property Holdings, LLC**

**Bryan Charles Reuter**
**Benjamin P. Kahn**
**Stanley, Reuter, Ross, Thornton & Alford, L.L.C.**
**909 Poydras, Ste 2500**
**New Orleans, LA 70112**
**(504) 523-1580**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Southern Financial Services,LLC**
    **Jenny Pharr Chunn**
    **400M Enterprises, LLC**
    **PDL Enterprises, LLC**
    **Chunn Management, LLC**
    **L&C of Louisiana, LLC**
    **ACS Investments, LLC**
    **ACC Credit, LLC**
    **Cooper Services, LLC**

**SAUNDERS, Judge.**

This matter arises out of a suit to collect a debt. Plaintiff, a judgment creditor of Defendant, issued subpoenas duces tecum propounded to third-party nonlitigants to discover sensitive financial records of various LLCs ("Movants"), in which Defendant is allegedly a member or manager, in an attempt to collect on a multimillion dollar judgment in favor of Plaintiff and against Defendant.

Movants, who are not parties in the underlying suit, subsequently filed motions to quash the subpoenas duces tecum. The trial court granted Movants' motions.

Plaintiff now appeal the trial court's ruling. Its argument is that pursuant to the general law governing discovery of records pertaining to non-parties, it, as judgment creditor, is entitled to discover the financial relationship between judgment debtor and Movants because the discovery sought is relevant and good cause exists for its production.

## FACTS AND PROCEDUREAL HISTORY:

Plaintiff, S.E. PROPERTY HOLDINGS, LLC ("SEPH"), (successor in interest by merger with Vision Bank), is a judgment creditor of defendant, DONALD KEITH CHUNN ("Chunn"), pursuant to a deficiency judgment rendered against Chunn in the Circuit Court of Baldwin, Alabama, on July 9, 2010.

Vision Bank initiated the underlying suit against Chunn by filing an ex parte petition to make the Alabama judgment executory in both the Civil District Court for Orleans Parish, and in the Fifteenth Judicial District Court for Lafayette Parish, in accordance with the Louisiana Enforcement of Foreign Judgment Act, La.R.S. 13:4241, et seq.

The Orleans Parish trial court ordered SEPH'S judgment against Chunn be made executory in the Civil District Court for Orleans Parish. The deficiency

judgment was also made executory in the Fifteenth Judicial District Court for Lafayette Parish.

Seeking to enforce its rights as a judgment creditor, Vision Bank obtained a charging order against Southern Financial Services of Louisiana, LLC; ACS Investments, LLC; Chunn Management, LLC; L&C of Louisiana, LLC; and PDL Enterprises, LLC; in the Civil District Court for the Parish of Orleans. Pursuant to La.R.S. 12:1331 of the Louisiana Limited Liability Act, SEPH sought to charge Chunn's membership interest in these LLCs with the payment of the unsatisfied amount of the Alabama judgment.

SEPH issued subpoenas duces tecum to various banks to discover the financial records of ACC Credit, LLC; 400M Enterprises, LLC; ACS Investments, LLC; Chunn Management, LLC; L&C of Louisiana, LLC; PDL Enterprises, LLC; Southern Financial Credit Services, LLC; and Jenny Pharr Chunn ("Movants"). Chunn is neither a member nor an employee of ACC Credit, LLC, or 400M Enterprises, LLC, and charging orders were not filed against these two entities. However, Chunn is allegedly a member or manager of the other aforementioned LLCs, against whom Vision Bank obtained charging orders (except for Southern Financial Credit Services, LLC, as explained below), prior to SEPH issuing the subpoenas duces tecum.

Movants, all of whom are non-parties in the underlying suit,[1] filed two separate motions to quash: one that compels Capital One, N.A., to produce the bank records of ACC Credit, LLC and 400M Enterprises, LLC, and one that compels Capital One, N.A., to produce the bank records of Southern Financial Credit Services, LLC; PDL Enterprises, LLC; Chunn Management, LLC; L&C of

---

[1] The charging order referenced Southern Financial Services of Louisiana, rather than Southern Financial Credit Services, LLC. These are separate entities, and Donald Chunn is a member of each. Accordingly, SEPH withdrew its arguments as to Southern Financial Credit Services, LLC being subject to the charging order.

2

Louisiana, LLC; and Jenny Pharr Chunn; and Iberia Bank to produce the bank records of ACS Investments, LLC; and Southern Financial Credit Services, LLC; and JP Morgan Chase Bank, N.A., to produce the bank records of Southern Financial Credit Services, LLC. In support of its motions to quash, Movants argued that (1) the third parties from whom discovery was sought were non-parties to the suit; (2) the charging order was never served on any of the LLCs, including their registered agents, (3) none of the third parties waived service of the charging order; (4) SEPH is not a member of any of the LLCs, and (5) the requested discovery was unduly burdensome, not supported by a showing of good cause, and restricted under specific provisions of the Louisiana LLC Act.

In response, SEPH filed an opposition to Movants' motions to quash. In support of its opposition, SEPH argued that the documents subpoenaed are highly relevant, and good cause exists for their discovery, but admitted that none of the LLCs, or their registered agents, had been served with the charging order, and that none of the LLCs had waived service of the charging order.

After oral arguments were presented to the court, the trial court granted Movants' motions to quash the subpoenas duces tecum with the exception of the subpoena directed to Jennifer Chunn.

SEPH timely filed a motion for devolutive appeal. Pursuant to that motion, SEPH is presently before this court alleging four assignments of error.

## ASSIGNMENTS OF ERROR:

1. The District Court erred in granting the Motions to Quash Subpoenas Duces Tecum because the subpoenaed records were relevant and good cause existed for their production.

2. The District Court erred by misapplying *Channelside* [*Channelside Services, LLC. v. Chrysochoos Group, Inc.*, 15-0064 (La.App. 4 Cir. 5/13/16), 194 So.3d 751] and effectively making it impossible to discover financial information about any non-party.

3

3. The District Court erred in holding that the Charging Orders were ineffective for lack of service.

4. The District Court erred in relying on *Channelside*, which presents an untenable interpretation of the law.

## ASSIGNMENT OF ERROR NUMBERS ONE, TWO, AND FOUR:

We will address assignments one, two, and four together as they require us to address the trial court's discretion in discovery matters. *See Arterburn v. Arterburn,* 15-22 (La.App. 3 Cir. 10/17/15), 176 So.3d 1163.

"A trial court has broad discretion in handling discovery matters and an appellate court should not upset a ruling absent an abuse of discretion." Id. at 1176.

In the instant case, the trial court granted Movants' motions to quash the subpoenas duces tecum propounded by SEPH, who is a non-member of Movants, who are non-parties to the underlying suit.

Prior to addressing the merits of this appeal, we recognize that generally, a judgment involving a preliminary discovery matter would be an interlocutory, nonappealable judgment. *See* La.Code Civ.P. art. 1841; La.Code. Civ.P. art. 2083(C). However, in this case, the judgment at issue wholly resolves the merits of the issue between Movants, non-parties in the underlying suit, and SEPH, the party seeking discovery. "The jurisprudence in this circumstance is to the effect that a judgment on a motion to quash a deposition subpoena is in fact appealable because it resolves all of the issues between the non-party deponent and the party seeking the deposition." *Gariepy v. Evans Indus. Inc.,* 06–106, p. 4 (La.App. 5 Cir. 9/25/07), 968 So.2d 753, 754–55 (citing *Larriviere v. Howard*, 00–186 (La.App. 3 Cir. 10/11/00), 771 So.2d 474. Therefore, pursuant to the relevant jurisprudence, we will address the judgment at issue because it is a final, appealable judgment.

It is well-established in Louisiana jurisprudence that discovery statutes are to be liberally and broadly construed to achieve certain

4

basic objectives of the discovery process: (1) to afford all parties a fair opportunity to obtain facts pertinent to pending litigation; (2) to discover the true facts and compel disclosure of these facts wherever they may be found; (3) to assist litigants in preparing for trial; (4) to narrow and clarify the issues between the parties; and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims.

*Quality Environmental Processes, Inc. v. I.P. Petroleum Co., Inc.,* 13–1582, 13–1588, 13–1703, p. 22 (La.5/7/14), 144 So.3d 1011, 1026 (quoting *Hodges v. Southern Farm Bureau Cas. Ins. Co.,* 433 So.2d 125, 129 (La.1983)). "There are limitations to this rule, however, when justice requires that a party or other person be protected from annoyance, embarrassment, oppression, or undue burden or expense." *Stolzle v. Safety & Sys. Assur. Consultants, Inc.,* 02–1197, p. 2 (La. 5/24/02), 819 So.2d 287, 289; see La.Code Civ.P. art. 1426. In addition, Louisiana jurisprudence has required a showing of "relevancy and good cause" by a party seeking production of records from a non-party." *Stolzle,* 819 So.2d at 289 (citing *Ouachita Nat'l Bank in Monroe v. Palowsky*, 554 So.2d 108 (La.App. 2nd Cir.1989)); see *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., L.L.C.*, 14–286, (La.App. 4 Cir. 8/27/14), 147 So.3d 1266.

Louisiana Code of Civil Procedure Article 2451 governs the examination of judgment debtors and third parties by judgment creditors. Relative to the examination of third parties, La.Code Civ.P. art. 2451(B) provides, "[i]n aid of execution of the judgment, the judgment creditor may also examine any person upon any matter relating to the judgment debtor's property, as provided in Articles 1421 through 1472." The intent of La.Code Civ.P. art. 2451 is "to assist creditors in executing their judgments by providing them a means to discover assets or property belonging to the debtor which may be subject to seizure." *Parish Nat'l Bank v. Lane*, 397 So.2d 1282, 1284 (La.1981); see also *Cole, Evans & Peterson v. T.F. Mgmt., Inc.,* 40,774–780, (La.App. 2 Cir. 7/7/06), 935 So.2d 841.

In *Channelside,* 194 So.3d at 758-59, the fourth circuit stated:

> Under the Louisiana LLC Act, a member's interest in the LLC is personal property that is separate and distinct from the property of the LLC." *See* La. R.S. 12:1329. "A member of an LLC has no direct interest in the LLC's property. Therefore, a member cannot make the LLC's property available to the member's creditors who are not also creditor's of the LLC." SUSAN KALINKA ET AL., LIMITED LIABILITY COMPANIES AND PARTNERSHIPS: A GUIDE TO BUSINESS AND TAX PLANNING, 9 La. Civ. L. Treatise § 1:44 (4th ed. 2015). Conversely, a creditor of a member cannot seize any of the LLC property in satisfaction of the "member's" debt. However, pursuant to La.R.S. 12:1331 of the Louisiana LLC Act, a judgment creditor of a member of an LLC may apply to a court of competent jurisdiction for a charging order, whereby "the court may charge the membership interest of the member with payment of the unsatisfied amount of judgment with interest." La.R.S. 12:1331 further provides that, "[t]o the extent so charged, the judgment creditor shall have only the rights of an assignee of the membership interest.

> The assignment of membership interest is governed by the provisions of La.R.S. 12:1330, which states in pertinent part:

>> **A.** [ . . . ] An assignment of a membership interest **shall not entitle the assignee to become or to exercise any rights or powers of a member** until such time as he is admitted in accordance with the provisions of this Chapter. An assignment **shall entitle the assignee only to receive such distribution or distributions, to share in such profits and losses, and to receive such allocation of income, gain, loss, deduction, credit, or similar item to which the assignor was entitled to the extent assigned.**

>> B. Unless otherwise provided in the articles of organization or an operating agreement, the pledge of or granting of a security interest, lien, or other encumbrance in or against any or all of the membership interest of a member shall not cause the member to cease to be a member or to have the power to exercise any rights or powers of a member. (emphasis added).

> In addition, La.R.S. 12:1332 addresses the rights of an assignee of a membership interest, in pertinent part, as follows:

>> "A. Except as otherwise provided in the articles of organization or a written operating agreement:

>>> (1) An assignee of an interest in a limited liability company shall not become a member or participate in the management of the limited liability company

6

> unless the other members unanimously consent in writing.
>
> (2) Until the assignee of an interest in a limited liability becomes a member, the assignor shall continue to be a member."
>
> Pursuant to La. R.S. 12:1330 through 1332, the assignment of a member's interest in an LLC effectively separates the membership interest into two sets of rights: financial rights and management rights. *See* WILLIAM A. NEILSON, UNCERTAINTY IN DEATH AND TAXES—THE NEED TO REFORM LOUISIANA'S LIMITED LIABILITY COMPANY LAWS, 60 Loy. L. Rev. 33, 35–36 (Spring, 2014).

Therefore, statutorily, an assignee's rights are limited to a member's financial rights and do not include management rights and powers, as those are retained by the original member. However, an assignee who also becomes a member is entitled to both financial and management rights. A judgment creditor becomes an assignee of a member's rights by virtue of a charging order. Therefore, when a judgment creditor becomes an assignee of a member's interest, he is entitled only to share in the LLC's profits and losses, and to receive the distributions to which the member was entitled, but has no rights or powers associated with the management of the LLC, unless he also becomes a member. Id.

"A general rule of statutory construction is that a specific statute controls over a broader, more general statute." *Capital City Press, L.L.C. v. La. State Univ. System Bd. of Sup'rs*, 13–2000, 13–2001, p. 13 (La.App. 1 Cir. 12/30/14), 168 So.3d 727, 738, writ denied, 15-209 (La. 4/17/15) (citing *Burge v. State*, 10–2229 (La. 2/11/11), 54 So.3d 1110, 1113. "[H]owever, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." *LeBreton v. Rabito*, 97–2221, p. 7 (La. 7/8/98), 714 So.2d 1226, 1229.

7

In this case, we must consider the interests of and the rights afforded to Movants, as third-party nonlitigants, under the Louisiana LLC Act, La.R.S. 12:1301, et seq. While the general rules of discovery govern the examination of judgment debtors and third parties by judgment creditors, the Louisiana LLC Act is specifically directed to the matter at issue in this case, namely, the limitations on discovery of a judgment creditor, as assignee of a judgment debtor's membership interest in an LLC for payment of an unsatisfied judgment.

SEPH seeks to discover sensitive financial records of various non-party LLCs in which Chunn is allegedly either a member or a manager. SEPH argues that good cause exists for their discovery requests and that the examination of the subpoenaed documents will aid in the execution of SEPH'S judgment against Chunn. SEPH further argues that Louisiana courts have long recognized that the procedural rules pertaining to the examination of judgment debtors are to be liberally construed in favor of a judgment creditor in aid of the execution of a judgment.

While, La.Code Civ.P. art. 2451 and the related rules of discovery, La.Code Civ.P. arts. 1421 through 1472, permit discovery by a judgment creditor of any person upon any matter relating to the judgment debtor's property, the facts and posture of this case avail itself to the Louisiana LLC Act, as codified in La.R.S. 12:1301, et seq. Thus, the specific provisions of the Louisiana LLC Act are controlling over the more general statutory provisions governing discovery requests and the examination of judgment debtors and third parties. The Louisiana LLC Act "expressly restricts judgment creditors of members of LLCs to obtaining a charging order and being granted only the rights of an assignee of the membership interest unless and until the assignee becomes a member." *Channelside*, 194 So.3d at 751. The record does not reflect that SEPH has been

8

admitted as a member of the various LLCs in which Chunn is either a member or a manager. Therefore, SEPH is merely an assignee of Chunn's membership interest in the various LLCs, and, as such, is not entitled to discover Movant's financial records.

Accordingly, given that a trial court has broad discretion in discovery matters, we cannot say that the trial court abused that discretion in granting Movants' motions to quash subpoenas duces tecum. Therefore, we affirm the trial court's judgment granting the Movants' motions to quash.

**ASSIGNMENT OF ERROR NUMBER THREE:**

Plaintiff asserts that a charging order need not be served on a third-party nonlitigant in order for it to have the legal effect of granting them a right to obtain the discovery propounded to Movants. Our finding in Assignments of Errors one, two, and four pretermits this assignment.

In the instant case, each of the Movants had a designated registered agent. SEPH admits that service of the charging order was never perfected on any of the Movants, or their registered agents, and that none of the Movants waived service of the charging order. In this case, whether service was perfected is irrelevant because SEPH, a judgment/creditor, who has statutorily limited rights as an assignee only of Chunn's membership interests - as a matter of law - is not entitled to discover Movants' business and financial records, irrespective of whether service of the charging order had been perfected, because the Louisiana LLC Act protects the financial statements of LLCs from being subpoenaed by non-members in suits that the LLC is not a party to, and SEPH is a non-member of Movants, who are non-parties in the underlying suit.

## CONCLUSION:

For the foregoing reasons, we affirm the trial court's judgment granting Movants' motions to quash subpoenas duces tecum.  Costs of these proceedings are accessed to S.E. PROPERTY HOLDINGS, LLC.

**AFFIRMED.**