SANTOS RODAS

VERSUS

ALBERT NUTTER, CRESCENT CROWN

DISTRIBUTINC, L.L.C. AND ZURICH

AMERICAN INSURANCE COMPANY

NO. 22-C-106

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
First Deputy, Clerk of Court

May 27, 2022

Susan Buchholz
First Deputy Clerk

**IN RE** ALBERT NUTTER, CRESCENT CROWN DISTRIBUTINC, L.L.C. AND ZURICH AMERICAN INSURANCE COMPANY

**APPLYING FOR**  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE SHAYNA BEEVERS MORVANT, DIVISION "M", NUMBER 801-702

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Hans J. Liljeberg

## WRIT GRANTED; JUDGMENT REVERSED AND AMENDED

Defendants, Albert Nutter, Crescent City Crown Distributing, L.L.C., and Zurich American Insurance Company ("Defendants") seek review of the 24th Judicial District Court's February 9, 2022 judgment denying in part their Motion to Quash Subpoena Duces Tecum and Notice of Records Only Deposition and Request for a Protective Order served by plaintiff, Santos Rodas, on their IME ("independent medical examination") physician, Dr. Kevin Watson.[1]  The dispute at issue involves plaintiff's request for copies of IME reports Dr. Watson prepared for unrelated parties over the last four years, as well as requests for business and financial records regarding Dr. Watson's income derived from performing these IMEs.  For the following reasons, we grant the writ and reverse the trial court's judgment insofar it denied the motion to quash as to the documents ordered to be produced as we find that, at this time, the subpoena is unreasonable as Defendants have failed to meet their burden to show good cause for production of the actual documents requested. However, we find that Mr. Rodas is entitled to seek information regarding the numbers of IMEs Dr. Watson has performed and the percentage of income that he has derived in relation to his past performance of IMEs.  Therefore, pursuant to La. C.C.P. art. 1354, we amend the subpoena duces

---

[1] The Louisiana legislature amended La. C.C.P. art. 1464 in 2017 and now refers to examinations of plaintiffs under this provision as an "additional medical opinion."

22-C-106

tecum to order Dr. Watson to provide information, in the form of sworn responses, regarding the number of IMEs he has performed over the last three years, the identification of the entity or entities which retained his services to perform an IME for the last three years[2], and the percentage of his income earned from performing IMEs in 2019, 2020 and 2021, if he has not already done so in a deposition.

Mr. Rodas filed suit on November 11, 2019 alleging that, on or about November 29, 2018, Mr. Nutter rear-ended his 2008 Nissan Titan at a red light in St. Charles Parish, and caused Mr. Rodas to suffer "severe bodily injuries." Dr. Kevin Watson performed an IME on June 30, 2021 at Defendants' request. Dr. Watson reported that "[t]he lumbar MRI after the accident shows minimal degenerative findings with no objective evidence of trauma," and that the objective findings did not provide "justification for a causation claim," or explain Mr. Rodas' subjective complaints. Dr. Watson also concluded that no further treatment of the lumbar spine was required and "[n]o impairment or limitations to the low back are needed as a result of this motor vehicle collision."

On December 1, 2021, Plaintiff propounded a subpoena duces tecum and a Notice of Records Only Deposition asking Dr. Watson to produce among other things: 1) sanitized copies of IME reports he performed in the last four years; 2) Copies of all of his 1099s and other financial statements for the past three years showing the income derived from performing IMEs; 3) Copies of all income statements or other financial records showing the percentage of income he received for the past four years from doing independent medical examinations; and 4) Copies of all documents relating to and a listing of all payments made or income received for providing IMEs for the last four years. Defendants then filed a motion to quash and a memorandum in support of their motion and alleged that the subpoena is "unduly burdensome . . . harassing and annoying" to Defendants and Dr. Watson. The district court held a hearing on the motion on January 31, 2022.

At the January 31, 2022 hearing on the motion to quash, Defendants argued that Dr. Watson had not been proven to be biased and that the discovery requested was "extensive, intrusive and harassing [and] . . . not necessary". Mr. Rodas countered that case law supports the proposition that the trial court could grant their discovery requests and that the information requested was important for purposes of cross-examination and that they would be unable to "show a history of bias unless we're allowed to investigate." The district court granted Defendants' motion in part and denied the motion in part. The court denied the motion to quash with respect to past IME reports and ordered Dr. Watson to produce "sanitized" copies of all narrative medical reports from IMEs performed over the last four years to see "if there is a certain track record or not with respect to Dr. Watson that can be proven." Regarding Dr. Watson's financial records, the judge stated that the requested documents needed to be more narrowly tailored to only include documentation showing income from IMEs and what percentage of IMEs were performed for plaintiffs and the defense. Specifically, in granting the motion to quash in part, the trial judge found that "if he [Dr. Watson] can give us a breakdown of the total amount of his income received from IME's and what percentage of that was defense versus plaintiff, that should accomplish the goal sought to show any bias of the doctor." On February 9, 2022, the judge signed the written judgment.

---

[2] We do not intend to require Dr. Watson to release the identity of any IME patient.

In ruling on discovery matters, the trial court is vested with broad discretion and, upon review, an appellate court should not disturb such rulings absent a clear abuse of discretion. *Khoobehi Properties, LLC v. Baronne Dev. No. 2, L.L.C.*, 16-506 (La. App. 5 Cir. 3/29/17); 216 So.3d 287, 303, *writ denied*, 17-893 (La. 9/29/17); 227 So.3d 288. A subpoena may order a person to appear and/or produce at the trial or hearing, books, papers, documents, or any other tangible things in his possession or under his control, if a reasonably accurate description thereof is given; but the court in which the action is pending in its discretion may vacate or modify the subpoena if it is unreasonable or oppressive. La. C.C.P. art. 1354.

The Louisiana Supreme Court has held that a party seeking the production of records from a non-party is required to make a showing of relevancy and good cause to discover the non-parties' records. *Stolze v. Safety & Systems Assur. Consultants, Inc.*, 02-1197 (La. 5/24/02); 819 So.2d 287, 289; *Centanni v. Centanni*, 21-30, p. 7 (La. App. 5 Cir. 10/19/21); 2021 WL 4852145, *writ denied*, 21-1851 (La. 2/15/22); 332 So.3d 1184. In addition, due to the confidential and personal nature of information contained in certain financial records, particularly tax records, the requesting party must demonstrate good cause for their production and further establish that the information could not be discovered in a less intrusive manner. *Centanni*, 2021 WL 4852145, p. 7. We also recognized that concerning plaintiff's request for the IME reports and related medical records of unrelated individuals, the Louisiana Supreme Court has stated that the privacy expectations of patients are not to be lightly set aside, and that the party seeking release of such records must make a substantial showing of both relevance and need. *Gariepy v. Evans Indus., Inc.*, 06-106 (La. App. 5 Cir. 9/25/07); 968 So.2d 753, 755 *citing Moss v. State*, 05-1963 (La. 4/4/06); 925 So.2d 1185, 1199. It further pointed out that any exceptions to applicable patient privilege should be narrowly tailored and extend only to information relevant and necessary to the case at hand and in accordance with the requirements of La. R.S. 3715.1. *Id.*; *see also* La. C.C.P. art. 1469.1.

Upon thorough review of the writ application and opposition thereto, we find that Mr. Rodas has failed at this time to show relevance and good cause, or a substantial showing of relevance and need, sufficient to support his request for extensive financial records from Dr. Watson and IMEs of unrelated individuals that may contain confidential and privileged medical information. Mr. Rodas further failed to demonstrate that he could not obtain the information he seeks in a less intrusive manner. Therefore, we find that the trial court abused its discretion in denying the motion to quash with respect to these records.

However, we agree that Mr. Rodas has a right to seek information regarding the IMEs performed by Dr. Watson. In reviewing the requests included in the subpoena duces tecum, Mr. Rodas appears to seek information regarding the number of IMEs performed by Dr. Watson, the identification of the entity or entities which retained his services to perform an IME for the last three years, as well as the percentage of income Dr. Watson earned in relation to these IMEs. Therefore, we hereby modify the subpoena duces tecum, pursuant to La. C.C.P. art. 1354, to order Dr. Watson to provide information in the form of sworn responses, regarding the number of IMEs he has performed over the last three years, and the

3

percentage of his income that he earned from performing IMEs in 2019, 2020 and 2021, if he has not already done so during a deposition.[3]

Accordingly, the writ application is granted, the portion of the trial court's judgment denying the motion to quash is reversed insofar as it ordered production of the actual documents requested, and the trial court judgment is amended to modify the subpoena duces tecum as set forth above.

Gretna, Louisiana, this 27th day of May, 2022.

**MEJ**
**FHW**

---

[3] We observe that the trial court also discussed providing documents/information regarding the percentage of IMEs that Dr. Watson performed for plaintiffs versus defendants. Considering that IMEs are primarily a discovery method used by defendants to examine injured plaintiffs, we assume that the majority of IMEs performed by Dr. Watson are requested by defendants. We further point out that, should plaintiff depose Dr. Watson, some trial judges, upon prearrangement, agree to make themselves available via teleconferencing mid-deposition should a particularly thorny issue arise.

SANTOS RODAS

VERSUS

ALBERT NUTTER, CRESCENT CROWN

DISTRIBUTINC, L.L.C. AND ZURICH

AMERICAN INSURANCE COMPANY

NO. 22-C-106

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**LILJEBERG, J., CONCURS IN PART, DISSENTS IN PART**

I concur with granting the writ application to quash the subpoena duces tecum requiring the production of the requested documents. However, I dissent and do not agree with the majority's decision to modify the subpoena duces tecum to order the IME physician, Dr. Kevin Watson, to provide certain information in response to the subpoena for reasons set forth more fully below.

First, I agree with the majority's reasons for denying the production of documents because the scope of the documents requested is unreasonable and oppressive for the reasons stated by the majority. However, I further observe that grounds exist to quash the subpoena duces tecum due to plaintiff's failure to demonstrate any bias whatsoever in the physician's opinions in the present matter or a track record of bias. Louisiana state and federal courts consider whether an expert has a track record of bias prior to subjecting the expert to discovery seeking documents regarding unrelated cases. *See Navarro v. Aries Marine Corp.*, 97-1630 (La. App. 3 Cir. 4/29/98), 713 So.2d 613, 616, *writ denied*, 98-1446 (La. 9/4/98), 723 So.2d 958 (quashing subpoena duces tecum requesting records regarding the number of patients treated over five years that were referred by attorneys and income received from referrals); *Haydel v. State Farm Mutual Automobile Insurance Company*, 2009 WL 10679320 (M.D. La. 4/9/09) (quashing subpoenas requesting similar documents and information); *Francois v. Norfolk Southern Corp*, 01-1954 (La. App. 4 Cir. 3/6/02), 812 So.2d 804, 806 (finding that information that the expert and plaintiff's attorney set up a clinic for the sole purpose of diagnosing plaintiffs with conditions arising for a minor release of chemical vapors and prior reported decision recognizing the lack of the physician's objectivity was sufficient to enforce subpoena); *Fontenot v. UV Ins. Risk Retention Grp., Inc.*, 20-361 (La. App 3 Cir. 4/14/21), 2021 WL 1399874, *writ denied*, 21-656 (La. 10/5/21), 325 So.3d 357.

In the present matter, plaintiff provided no argument or information whatsoever to establish a track record of bias with respect to the IME physician. In fact, he does not even argue that the opinions the physician provided in the IME report are unreasonable or unsupported. Defendants argue in their writ application that a search of reported decision reveals three cases where Dr. Watson testified or participated in a plaintiff's treatment, one where he performed a second medical opinion for an employer in a workers' compensation case, one where he performed a rotator cuff repair on a plaintiff after the plaintiff was referred by a treating physician, and one where Dr. Watson was the plaintiff's treating physician in a

22-C-106

workers' compensation case. Based on the foregoing, I would further find that there is no track record of bias to warrant discovery of the extensive documents sought in the subpoena duces tecum.

While I concur with the decision to grant the motion to quash the production of documents, I dissent and do not agree with the majority's decision to modify the subpoena duces tecum and order Dr. Watson to produce information pursuant to the subpoena. While I agree that plaintiff may seek information regarding bias at Dr. Watson's deposition, I do not agree with ordering production of the specified information by means of a subpoena prior to deposition.

La. C.C.P. art. 1425(B) sets forth the information and documents an expert expected to testify at trial shall provide with an expert report, including ". . . the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." The information ordered by this Court far exceeds these requirements without any showing by plaintiff as to why additional information is warranted. *See Direct TV, LLC v. Bridges*, 21-646 (La. App. 5 Cir. 1/21/22), 2022 WL 198864 (finding that plaintiff was not entitled to information from expert outside of the scope of La. C.C.P. art. 1425(B)).

In addition, I do not find that identifying every entity for which Dr. Watson has performed an IME in the last three years is relevant to establishing bias in the present matter or is reasonably calculated to lead to the discovery of admissible evidence. As the majority recognized, all IMEs performed by Dr. Watson will have been requested by a defendant or defense attorney, and the identity of defendants or defense attorneys requesting IMEs in unrelated cases will not assist in establishing bias in the present matter. I find that requiring information regarding other entities is nothing more than a fishing expedition that is not warranted under discovery rules governing Louisiana courts.

Finally, I object to ordering Dr. Watson to provide information pursuant to the subpoena without requiring plaintiff to pay Dr. Watson a reasonable fee for time spent in responding to discovery. La. C.C.P. art. 1425(D)(3) provides that "[u]nless manifest injustice would result, the court *shall* require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this Paragraph." [Emphasis added.]

**HJL**

2

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **05/27/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-C-106**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Shayna Beevers Morvant (DISTRICT JUDGE)
David W. Ardoin (Respondent)                    Wade A. Langlois, III (Relator)
                                                Gino R. Forte (Relator)
                                                Scott W. Smith (Respondent)
                                                Kaylyn E. Blosser (Relator)

### MAILED